Case 2:14-cv-00320   Document 91   Filed in TXSD on 12/10/15   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 10, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CAPRICIA JEFFERSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-320 |
| | § | |
| DELPHI AUTOMOTIVE SYSTEMS LLC, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pending is Defendant's motion to compel Plaintiffs to provide complete responses to Defendant's second request for production of documents, filed on October 30, 2015 (D.E. 56). Plaintiffs responded to the motion to compel on November 6, 2015 (D.E. 58). The motion was referred to undersigned United States Magistrate Judge. For the reasons discussed more fully below, Defendant's motion is denied.

### JURISDICTION AND VENUE

This court has jurisdiction pursuant to 28 U.S.C. §§ 1332. Venue is proper in this court because a substantial part of the actions about which Plaintiffs complain occurred in Brooks County, Texas, which is located in the Southern District of Texas.

### BACKGROUND

Plaintiff Caprecia Jefferson is the wife of decedent Harry Louis Jefferson, Jr. and the personal representative of his estate. Plaintiff Harry Louis Jefferson, Sr. is the father of the decedent, Harry Louis Jefferson, Jr. On February 12, 2014, the decedent was at

work driving a tractor-trailer. The road on which he was traveling was under construction. A strong gust of wind apparently blew the trailer to the right, causing the right rear tire or tires of the tractor-trailer to drop off the edge of the road, resulting in a loss of control. The tractor-trailer rolled over on the driver's side, causing serious injuries which resulted in the death of the decedent.

Plaintiffs filed this lawsuit in state court on behalf of the decedent's surviving family members, naming as defendants the road construction company, the manufacturer of the tractor and the manufacturers of the seat-belt system in the tractor. The case was removed to federal court on July 31, 2015. Four defendants have been dismissed from the case. The remaining defendants are International Truck and Engine Corporation, formerly known as Navistar, Inc. (Navistar) and Anderson Columbia Co., Inc., the road construction company.

As part of its discovery, defendant Navistar sent Plaintiffs the following request for production:

> Please produce all written Expert Reports of SAFE created for other heavy truck roof strength defect claims as testified to by Brian Herbst including but not limited to, *Reyes v. Ford*; *Mercado v. Daimler*; *Jones v. Sterling*; *Hamlett v. Freightliner*; *Smart v. Paccar*; and any other Expert reports of SAFE or SAFE Laboratories which included sled testing of the heavy truck cab.

(Ex. A to Mot. to Compel; D.E. 56-1, p. 2). With this request for production, Navistar is seeking prior reports created by Plaintiffs' expert in order to examine his case analysis procedures and methodologies to see whether his reports reflect any bias and also to see whether the expert uses similar, standard form language in his other expert reports. Plaintiffs objected to the request for production, arguing that it requested information that

may be protected by the consulting expert privilege; seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence because the documents are related to other and different lawsuits; requested documents beyond the discovery limits for expert witnesses; and seeks to require Plaintiffs to obtain documents that are not in their possession or control.

In its motion to compel, Navistar argues that the reports are relevant and fall within the Rule 26 scope of discovery. Plaintiffs counter that they are not in possession of the documents and if Navistar wishes to obtain the documents, it should serve a second subpoena on either Brian Herbst or SAFE. Plaintiffs also assert that Navistar's request is overly broad and that any order compelling production of documents should be limited to the requested reports signed by Herbst and not all SAFE reports.

## APPLICABLE LAW

### A.  Motion to Compel

Under FED. R. CIV. P. 26(b)(2), which addresses disclosure of expert testimony, expert witnesses who may be used at trial to present evidence under Federal Rule of Evidence 702, 703 or 705 must provide a written report unless otherwise stipulated or ordered by the court. The report must include, among other things, a list of all other cases in which, during the previous four years, the witness testified at as an expert at trial or by deposition. FED. R. CIV. P. 26(a)(2)(B)(v). According to the advisory committee notes, parties are not precluded from using traditional discovery methods to obtain further information regarding these matters, including asking an expert during a deposition about

testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B).  FED. R. CIV. P. 26(a)(2)(B) advisory committee's note to 1993 amendment.

Most courts looking at motions to produce documentation similar to that which Navistar seeks in this case have found that parties are entitled to explore the purported factual and legal bases of opposing parties' expert's opinions.  *See, e.g., Expeditors International of Washington, Inc. v. Vastera*, No. 04-C-0321, 2004 WL 406999 at *2 (N.D. Ill. 2004)(defendant entitled to examine potential inconsistencies between views expert intends to express in pending litigation with the testimony and opinions he has given and the theories and methodologies he had used in prior cases); *Phillips v. Raymond Corp.*, 213 F.R.D. 521, 524 (N.D. Ill. 2003)(plaintiff entitled to inquire as to how often expert had testified for defendant in the past, his comparative record in testifying for plaintiffs and defendants and the expert's prior expressions of opinion about other forklifts and other injuries sustained by their operators); *Ladd Furniture, Inc. v. Ernst & Young*, No. 2:95CV00403, 1998 WL 1093901 (M.D. N.C. 1998)(court granted motion to compel response to request for information about expert's previous reports, including all reports expert had authored and transcripts of all deposition and trial testimony expert had given in previous six years).  *See also Parkervision v. Qualcomm Inc.*, No. 3:11-CV-719-J-37-TEM, 2013 WL 3771226 (M.D. Fla. 2013)(prior expert reports, deposition transcripts and trial testimony transcripts fall within the ambit of Rule 26(b)(1) general fact discovery).

Other courts have not found that a party is obligated to produce materials generated by an expert in earlier cases.  *See Roberts v. Printup*, No. 02-2333-CM, 2007

WL 1201461 (D. Kan. 2007)(Rule 26(a)(2)(B) does not require disclosure of the testimony an expert gave in a prior case); *In re Air Crash Disaster at Stapleton Intern. Airport*, 720 F.Supp. 1442, 1444 (D. Co. 1988)(discovery of material relevant to the impeachment of an expert is limited to materials possessed by an expert and related to the case at hand); *Trunk v. Midwest Rubber and Supply Co.*, 175 F.R.D. 664 (D. Co. 1997)(Rule 26(a)(2)(B) does not require an expert to produce reports from unrelated litigation).

Plaintiffs in this case do not dispute that Defendant is entitled to prior expert opinions generated by Herbst, but do assert that Navistar is not entitled to all the reports produced by SAFE.[1] Plaintiffs' position is consistent with the scope of discovery described by Rule 26(b)(1).[2] The second part of the request for production, "any other Expert reports of SAFE or SAFE Laboratories which included sled testing of the heavy truck cab," is not limited in time or by author and is overly broad. Therefore, the Court concludes that Plaintiffs are entitled to prior materials produced by Herbst in cases dealing with other heavy truck roof strength defect claims and sled testing of the heavy truck cab, but not to all such reports produced by SAFE.

---

[1] Neither party identifies "SAFE." It is assumed to be a company with which expert Brian Herbst is affiliated.

[2] Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(B)(1)(Eff. Dec. 1, 2015).

However, Plaintiffs also contend that they do not have the requested documents in their possession and that Defendants should serve a subpoena on Herbst seeking the documents.  FED. R. CIV. P. 34(a)(1) requires parties to produce only those non-privileged, relevant documents that are within the responding party's "possession, custody or control."  Documents are deemed to be within the "possession, custody or control" of a party for purposes of Rule 34 if the party has actual possession, custody or control or has either the legal right to obtain the documents on demand or the practical ability to obtain them from a non-party.  *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463 at *10 (E.D. La. 2004).  The burden is on the party seeking discovery to make a showing that the other party has control over the material sought.  *Id.*  Typically the party seeking the documents must show a relationship, based on some affiliation, employment or statute, that allows the other party to command release of certain documents by the non-party person or entity in actual possession.  *Id.*

Plaintiffs assert that the requested documents are in the possession of Herbst, the expert hired to testify in this case.  Navistar has not contested this allegation or made any showing that Plaintiffs could command release of the documents--generated as part of unrelated lawsuits--from Herbst.  Thus, even though Navistar is entitled to obtain the information it seeks about Herbst's prior reports, Navistar has not met its burden of showing that the documents are under Plaintiffs' possession, custody or control.  For this reason, Navistar's motion to compel is denied.

## CONCLUSION

Based on the foregoing, the Court DENIES Defendant Navistar's Opposed Motion to Compel Complete Responses to Navistar, Inc.'s Second Request for Production of Documents (D.E. 56).

ORDERED this 10th day of December, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE