Case 2:14-cv-00320 Document 92 Filed in TXSD on 12/31/15 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 31, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CAPRICIA JEFFERSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-00320 |
| § | |
| DELPHI AUTOMOTIVE SYSTEMS LLC, § | |
| *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON ACCI'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs filed this wrongful death action alleging, in relevant part, that the tractor-trailer single-vehicle rollover was caused by improper road construction. Defendant Anderson Columbia Co., Inc. (ACCI) was the contractor for the Texas Department of Transportation (TxDOT), performing the road construction pursuant to TxDOT specifications. ACCI has filed its Motion for Summary Judgment (D.E. 60), claiming immunity from suit under Texas Civil Practice and Remedies Code § 97.002. For the reasons stated below, the Court DENIES ACCI's motion (D.E. 60).

TxDOT immunity eliminates liability for personal injury and death if the contractor, ACCI, was "in compliance with contract documents material to the condition or defect that was the proximate cause" of the injury and death. Tex. Civ. Prac. & Rem. Code § 97.002. Plaintiffs claim that the fatal rollover was caused by, among other things, (1) a sharp pavement drop-off, (2) a soft shoulder, and (3) inadequate warning signs relating to the closing of the incomplete, dangerous shoulder and the construction zone speed limit.

In response to the summary judgment motion, Plaintiffs have offered evidence to raise a disputed issue of material fact on each of these claims.

- While the specifications provided limitations for the slope of the pavement drop-off (*i.e.*, D.E. 62, p. 14), workers and investigators testified that it was a very sharp drop off and there is some evidence that the slope exceeded the maximum permitted by the contract.

- While the specifications required that the shoulder be composed of caliche, with some sand and dirt, and that it be compacted at the right elevation, also involving "reshaping the subgrade" (*i.e.,* D.E. 64, p. 11 et seq.), photographs show, and a worker testified, that at the time of the accident, the shoulder was composed only of loose sand or dirt.

- While the contract required specific signage relating to speed limits and a warning about the road shoulder (*i.e.*, D.E. 62, p. 16), the construction supervisor admitted that four of those signs were missing or incorrect.

There is some indication that the TxDOT project engineer could and did vary the contract requirements from the specifications, making ACCI's work compliant with the TxDOT contract. However, any testimony in the summary judgment record to the effect that the engineer did approve changes of the specifications upon which Plaintiffs base their claims is inadmissible hearsay.

The contractor immunity would still apply if the alleged noncompliance with the contract was not a proximate cause of the injury or death. ACCI's motion states the requirement for demonstrating proximate cause, but does not expressly seek summary

judgment on that issue. Rather, ACCI maintains only that it was fully compliant with the specifications. Because Plaintiffs have submitted some evidence to raise a disputed issue of material fact on these issues, ACCI is not entitled to summary judgment.

For these reasons, the motion (D.E. 60) is DENIED.

ORDERED this 31st day of December, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE